FILED

2005 JUL -5 P 12: 18

CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTLANDS WATER DISTRICT, et al., | CASE NO. CIV F-00-7124 OWW DLB |
| Plaintiffs, | (P~~ROPOS~~ED) AMENDED FINAL JUDGMENT |
| NORTHERN CALIFORNIA POWER AGENCY; SACRAMENTO MUNICIPAL UTILITY DISTRICT, | |
| Plaintiff-Intervenors, | |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR; et al., | |
| Defendants. | |
| HOOPA VALLEY TRIBE, et al., | |
| Defendants-Intervenors. | |

The parties' cross-motions for summary judgment and adjudication were decided by the Court's Memorandum Decision and Order Re: Cross-Motions for Summary Judgment filed December 10, 2002 ("Memorandum Decision"). The Court granted, in part, the motion of Plaintiffs San Luis & Delta-Mendota Water Authority, Westlands Water District and San Benito County Water District ("CVP Water Contractors"). The Court granted, in part, the motions of

788301.1                                     -1-                          (PROPOSED) FINAL JUDGMENT

1  Plaintiff-Intervenor Sacramento Municipal Utility District ("SMUD") and of Plaintiff-Intervenor
2  Northern California Power Agency ("NCPA"). The Court also granted, in part, the motions of
3  the United States and the Hoopa Valley Tribe.
4     After entry of Final Judgment on February 20, 2003, the United States, Hoopa
5  Valley Tribe, Northern California Power Agency and CVP Water Contractors filed appeals. On
6  February 13, 2004, the United States Court of Appeals for the Ninth Circuit filed a decision
7  affirming in part and reversing in part this Court's Final Judgment. *Westlands Water Dist. v. U.S.*
8  *Dep't of the Interior,* 376 F.3d 853 (9th Cir. 2004). The Court of Appeals affirmed this Court's
9  holding that certain terms imposed as reasonable and prudent measures ("RPMs") in biological
10 opinions issued on October 12, 2000, by the U.S. Fish and Wildlife Service ("USFWS") and by
11 the National Marine Fisheries Service ("NMFS") exceeded these agencies' authority under the
12 Endangered Species Act. The Court of Appeals reversed this Court's holding directing the
13 United States Department of the Interior ("Interior") to prepare a supplemental environmental
14 impact statement ("SEIS") to remedy inadequacies this Court found in the original environmental
15 impact statement ("EIS") supporting Interior's December 19, 2000, Record of Decision ("ROD")
16 adopting an instream flow release regime and other fishery restoration measures for the Trinity
17 River pursuant to section 3406(b)(23) of the Central Valley Project Improvement Act ("CVPIA"),
18 106 Stat. 4706, P.L. 102-575 (October 30, 1992). The Court of Appeals remanded to this Court
19 for further proceedings not inconsistent with its ruling.
20    All claims by all parties having been decided, IT IS HEREBY DECLARED,
21 ORDERED AND ADJUDGED as follows:
22    1.   The RPM term of the October 12, 2000, USFWS biological opinion
23 requiring Central Valley Project ("CVP") reoperation to "minimize or eliminate" upstream
24 movement of the water quality criteria X2 exceeds the USFWS's authority under the Endangered
25 Species Act and its implementing regulations at 50 C.F.R. § 402.14(i)(1)(iv). This term of the
26 USFWS biological opinion is hereby vacated and set aside. To the extent that the ROD
27 incorporates this term of the USFWS biological opinion, that portion of the ROD is hereby
28 vacated and set aside.

1      2.    The RPM term of the October 12, 2000, NMFS biological opinion requiring immediate implementation the ROD's flow-release regime exceeds the NMFS's authority under the Endangered Species Act and its implementing regulations at 50 C.F.R. § 402.14(i)(1)(iv). This term of the NMFS biological opinion is hereby vacated and set aside. To the extent that the ROD incorporates this term of the NMFS biological opinion, that portion of the ROD is hereby vacated and set aside.

    3.    In all other respects, the claims by the CVP Water Contractors and by the Northern California Power Agency are denied.

    4.    The CVP Water Contractors and Northern California Power Agency may seek recovery of attorneys' fees, litigation expenses and costs to the extent provided for by law and consistent with this Court's January 20, 2005, Scheduling Conference Order, which authorizes these parties to file an application for fees and related costs under the Equal Access to Justice Act fee, without supporting exhibits or legal authorities, by the date provided by law.

    5.    The Court reserves jurisdiction in this case with regard to the resolution of any timely application for attorneys' fees and costs and, if such application is granted, to enter a further and final Amended Final Judgment.

Dated: 6-30-05

_____
Oliver W. Wanger
United States District Judge

788301.1     -3-    (PROPOSED) FINAL JUDGMENT