1

2

3

4

5

6

7

8

9    UNITED STATES DISTRICT COURT

10   FOR THE EASTERN DISTRICT OF CALIFORNIA

11   FRESNO DIVISION

WESTLANDS WATER DISTRICT, et al.,     )    CASE NO. CIV F-00-7124 WW DLB
                                      )
12          Plaintiffs,               )    **REVISED AMENDED**
                                      )    **FINAL JUDGMENT**
13   NORTH CALIFORNIA POWER            )    _____
     AGENCY; SACRAMENTO MUNICIPAL      )
14   UTILITY DISTRICT,                 )
                                      )
15          Plaintiff-Intervenors,    )
                                      )
16        v.                          )
                                      )
17   U.S. DEPARTMENT OF THE INTERIOR, )
     et al.,                          )
18          Defendants.               )
                                      )
19   _____   )
     HOOPA VALLEY TRIBE, et al.,       )
20                                    )
            Defendants-Intervenors.   )
21   _____   )

22          The parties' cross-motions for summary judgment and adjudication were decided

23   by the Court's Memorandum Decision and Order Re: Cross-Motions for Summary Judgment

24   filed December 10, 2002 ("Memorandum Decision").  The Court granted, in part, the motion of

25   Plaintiffs San Luis and Delta-Mendota Water Authority, Westlands Water District, and San

26   Benito County Water District ("CVP Water Contractors").  The Court granted, in part, the

27   motions of Plaintiff-Intervenors Sacramento Municipal Utility District ("SMUD") and the

28   Northern California Power Agency ("NCPA").  The Court also granted, in part, the motion of the

federal defendants, U.S. Department of the Interior, *et al.*, and provisionally granted, in part, the motions of the United States and the Hoopa Valley Tribe.

After entry of Final Judgment on February 20, 2003, the United States, Hoopa Valley Tribe, NCPA, and CVP Water Contractors filed appeals. On July 13, 2004, the U.S. Court of Appeals for the Ninth Circuit filed a decision affirming in part and reversing in part this Court's Final Judgment. *Westlands Water Dist. v. U.S. Dep't of the Interior*, 376 F.3d 853 (9th Cir. 2004). The Court of Appeals affirmed this Court's holding that certain terms imposed as reasonable and prudent measures ("RPMs") in biological opinions issued on October 12, 2000, by the U.S. Fish and Wildlife Service ("USFWS") and by the National Marine Fisheries Service ("NMFS") exceeded those agencies' authority under the Endangered Species Act ("ESA"). The Court of Appeals reversed this Court's holding directing the United States Department of the Interior ("Interior") to prepare a supplemental environmental impact statement ("SEIS") to remedy inadequacies this Court found in the original environmental impact statement ("EIS") supporting Interior's December 19, 2000, Record of Decision ("ROD") adopting an instream flow release regime and other fishery restoration measures for the Trinity River pursuant to section 3406(b)(23) of the Central Valley Project Improvement Act ("CVPIA"), 106 Stat. 4706, P.L. 102-575 (October 20, 1992). The Court of Appeals remanded to this Court for further proceedings not inconsistent with its opinion.

On July 5, 2005, following the remand of this action from the Court of Appeals, this Court entered an Amended Final Judgment, which noted, *inter alia*, that the CVP Water Contractors and NCPA may seek recovery of attorneys' fees, litigation expenses, and costs to the extent provided for by law. The San Luis & Delta-Mendota Water Authority and the NCPA have filed claims for the recovery of attorneys' fees, litigation expenses and costs. Those parties have advised the Court that they have reached a final settlement of their fee claims with the federal defendants to resolve the last remaining claims in this action.

Accordingly, all claims by all parties having been decided, IT IS HEREBY DECLARED, ORDERED AND ADJUDGED as follows:

1.     The RPM term of the October 12, 2000, USFWS biological opinion requiring Central Valley Project ("CVP") reoperation to "minimize or eliminate" upstream movement of the water quality criteria X2 exceeds the USFWS's authority under the ESA and its implementing regulations at 50 C.F.R. § 402.14(i)(1)(iv). This term of the USFWS biological opinion is hereby vacated and set aside. To the extent that the ROD incorporates this term of the USFWS biological opinion, that portion of the ROD is hereby vacated and set aside.

2.     The RPM term of the October 12, 2000, NMFS biological opinion requiring immediate implementation the ROD's flow-release regime exceeds the NMFS's authority under the ESA and its implementing regulations at 50 C.F.R. § 402.14(i)(1)(iv). This term of the NMFS biological opinion is hereby vacated and set aside. To the extent that the ROD incorporates this term of the NMFS biological opinion, that portion of the ROD is hereby vacated and set aside.

3.     In all other respects, the claims by the plaintiffs and plaintiff-intervenors challenging the ROD are denied.

4.     The United States is hereby ordered to pay the sum of $200,000 to the San Luis & Delta-Mendota Water Authority and to pay the sum of $165,000 to the NCPA in full and final settlement of all costs of litigation for those parties, pursuant to the settlement agreement reached among those parties. The statutory basis for the claims supporting the award of costs of fees, as upheld by the Court of Appeals, is the ESA. Accordingly, pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g), the United States is directed to make those payments to NCPA and the San Luis & Delta-Mendota Water Authority from the Judgment Fund, in accordance with 31 U.S.C. § 1304 and 28 U.S.C. § 2414.

5.     The NCPA's undertaking for preliminary injunction provided by surety American Contractors Indemnity Company, Bond No. 132007, in the sum of $3,750, is hereby ordered to be released and returned to the surety through NCPA's counsel, Dennis W. DeCuir, Esq.

6.     The funds deposited by the San Luis & Delta-Mendota Water Authority in the Registry of the Court in lieu of a bond, in the amount of $7,500, shall be returned to the San

Luis & Delta-Mendota Water Authority through its counsel, Daniel J. O'Hanlon, Esq., and the law firm Kronick, Moskovitz, Tiedemann & Girard.

SO ORDERED.


DATED:      May 3      , 2006.


                                              /s/ OLIVER W. WANGER
                                         OLIVER W. WANGER
                                         United States District Judge